**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **RAVEN LAWTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. _____** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY SYSTEM OF** | ) | |
| **GEORGIA,** | ) | |
| | | |
| **Defendant.** | | |

## COMPLAINT

**COMES NOW** Raven Lawton ("Plaintiff" or "Ms. Lawton"), by and through

the undersigned counsel of record, to hereby file this Complaint against the Board

of Regents of the University System of Georgia ("Defendant") as follows:

### I.  JURISDICTION & VENUE

1.     Ms. Lawton files this Complaint, institutes these proceedings, and

invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331 as an

action arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et

seq.) as amended by the 1991 Civil Rights Act ("Title VII"); and 42 U.S.C. §

1981(a), et seq. ("Section 1981"), to obtain equitable relief, the costs of suit,

including reasonable attorneys' fees, and damages suffered by Plaintiff due to Defendant's discrimination against Plaintiff.

2.     Ms. Lawton filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission on November 9, 2021.  (See Exhibit No. 1).

3.     On November 10, 2021, Ms. Lawton received a right-to-sue letter giving her the right to pursue this claim in federal court within ninety (90) days after her receipt of the letter.  (See Exhibit No. 2).

4.     Pursuant to 28 U.S.C.A. §1391(b)(1), venue is proper in the Atlanta Division of the Northern District of Georgia, since Defendant resides in this judicial district.

5.     Defendant may be served with a summons and this complaint at its offices located at 270 Washington Street SW, Atlanta, Georgia 30334, in Fulton County, Georgia.

## II. PARTIES

6.     Plaintiff is over the age of eighteen (18) and a citizen of the United States.

7.     Defendant is a legal entity created pursuant to O.C.G.A. § 20-3-20 and Article 8, Section 4, paragraph 1 of the Georgia Constitution.  Pursuant to O.C.G.A.

§ 20-3-51, Defendant is vested with and exercises control and management of all of its institutions under its governance, including Georgia Southern University.

### III.  STATEMENT OF FACTS

8.      Ms. Lawton is African American.

9.      Ms. Lawton began employment with Georgia Southern University ("GSU") as a Nurse Manager on or about July 1, 2020.

10.     During her employment, Ms. Lawton successfully performed and completed the essential duties and functions of her position.

11.     During her employment, Ms. Lawton was the only African American employed as a Nurse Manager at GSU.

12.     On or around February 2021, Julia Campbell, who is Caucasian, was hired by GSU as a Nurse Manager.  Upon Ms. Campbell's arrival, she began bullying Ms. Lawton, which in turn disrupted Ms. Lawton's working relationship with GSU's Medical Director, Dr. Brian Deloach, who is Caucasian.  Ms. Campbell also refused to allow Ms. Lawton to train her.   Ms. Campbell did not treat any Caucasian employees in the same manner.

13.     In early May 2021, Ms. Lawton asked a nurse to help her with her entry of patient data into a computer to make sure the information was accurate.  When

Ms. Campbell observed this, she yelled at Ms. Lawton, even though Ms. Lawton did not break any GSU policy or rule.  It is believed that Ms. Campbell reported this incident to Dr. Deloach.

14.     Around the same time, during Nurse's Week in May 2021, Erica McBride, a Caucasian nurse, stated that GSU should not recognize Ms. Lawton during the week.  A group of nurses purchased flowers for Ms. Lawton, and Ms. McBride complained to other nurses about Ms. Lawton receiving flowers, even though Ms. Campbell received flowers.

15.     Prior to Ms. Campbell's arrival, Ms. Lawton did not receive any written disciplinary notices or negative evaluations.  Ms. Lawton's supervisors were pleased with her work, and GSU staff appeared to enjoy working with her.  Ms. Lawton often arrived to work early and worked overtime.

16.     On or about May 12, 2021, Ms. Lawton was abruptly terminated from her position as Nurse Manager.  In a letter provided to Ms. Lawton, GSU stated that Ms. Lawton failed to remove expired medication from the clinic refrigerator.  However, Ms. Campbell stored medication in her desk drawer over a weekend and was not disciplined.  The letter also appeared to state that Ms. Lawton was not

engaging with her staff in PODS.  However, Ms. Lawton often engaged with her staff in PODS unless she was pulled away for other duties.

17.    Based on the foregoing, Ms. Lawton was subjected to illegal race discrimination in violation of Title VII and Section 1981.  All other proffered reasons for Ms. Lawton's termination are pretextual.

18.    As a result of her termination, Ms. Lawton has lost income and benefits. In addition, Ms. Lawton has suffered severe mental and emotional distress and has incurred costs and attorneys' fees.

## IV.  PLAINTIFF'S CAUSES OF ACTION

## COUNT ONE – RACE DISCRIMINATION PURSUANT TO TITLE VII

19.    Plaintiff incorporates by reference all preceding paragraphs in this complaint.

20.    Defendant terminated Ms. Lawton's employment because of her race; therefore, Defendant is in violation of Title VII.

21.    Ms. Lawton's race was a motivating factor in Defendant's decision to terminate her employment; therefore, Defendant is in violation of Title VII.

22.     A convincing mosaic of circumstantial evidence exists showing that Defendant terminated Plaintiff's employment based on her race; therefore, Defendant is in violation of Title VII.

## COUNT TWO – RACE DISCRIMINATION PURSUANT TO SECTION 1981

23.     Plaintiff incorporates by reference all preceding paragraphs in this complaint.

24.     Defendant terminated Ms. Lawton's employment because of her race; therefore, Defendant is in violation of Section 1981.

25.     Ms. Lawton's race was a motivating factor in Defendant's decision to terminate her employment; therefore, Defendant is in violation of Section 1981.

26.     A convincing mosaic of circumstantial evidence exists showing that Defendant discriminated against Plaintiff based on her race; therefore, Defendant is in violation of Section 1981.

## **PRAYER FOR RELIEF**

**WHEREFORE,** based on the above-stated claims, Plaintiff respectfully prays that this Court grant the following relief:

a)      Judgment declaring that Defendant discriminated against Ms. Lawton in violation of Title VII;

b)      Judgment declaring that Defendant discriminated against Ms. Lawton in violation of Section 1981;

c)      An award of back pay;

d)      Restoration of benefits or the value thereof;

e)      Compensatory damages, including but not limited to emotional distress, embarrassment, and mental anguish;

f)      Equitable relief;

g)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

h)      Pre-judgment and post-judgment interest at the highest lawful rate; and

i)      Further relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this the 7th day of February 2022.

*s/ Jermaine A. Walker*

Jermaine "Jay" A. Walker (jwalker@hkm.com)
Georgia Bar No. 142044

HKM Employment Attorneys LLP
3355 Lenox Road, Suite 705
Atlanta, Georgia 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020

Attorney for Plaintiff